ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Taj Al Rajaa Company | ) | ASBCA No. 58801 |
| | ) | |
| Under Contract No. W91GFC-06-M-0169 | ) | |

APPEARANCE FOR THE APPELLANT: Mr. Baha'a Lafta Hassan
Owner

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Tyler L. Davidson, JA
Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE JAMES
ON GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

On 28 July 2013, Taj Al Rajaa Company (appellant) took an appeal to the ASBCA under the alleged captioned contract. On 17 October 2013, the government moved to dismiss the appeal for lack of subject matter jurisdiction. Movant's grounds are that appellant has never submitted a CDA claim to the contracting officer (CO), and the CO has never made a final decision regarding this matter, or, if appellant submitted a claim to the CO, it was untimely because not within six years of its accrual. Appellant opposed the motion on 9 November 2013, and on 3 December 2013 the government advised that it did not intend to reply to the opposition.

STATEMENT OF FACTS (SOF) FOR THE PURPOSES OF THE MOTION

1. On 19 February 2013, appellant provided to the Army Contracting Command–Rock Island (ACC-RI) a copy of a document identified as Contract No. W91GFC-06-M-0169 (the contract) (R4, tabs 1, 2), whose Standard Form 1449, Solicitation/Contract/Order for Commercial Items, Block 9, stated that it was issued by "MNF-I/Regional Contracting Center (Al Taji)." Block 17a., Vendor, stated "Jalal Company" (Jalal) and "Email: alrajaacompany@yahoo.com," but no other address.[1] Blocks 19-24 specified item 0001 for "(1) Kaia, model 2002 14 pax passenger van lease" for 12 months at $2,516.00 unit price and a $30,192.00 amount. Blocks 30a., b., and c. show a signature of a person for "Contractor Jalal" and "5-May-2006"; Block 31a. had no CO's signature or date. CLIN 0001's period of performance was "08 May 06 – 08 May 07." (R4, tab 1 at 1-2)

---

[1] Later correspondence indicates that appellant is located in Baghdad, Iraq.

2. The document incorporated by reference the FAR 52.212-4, CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (SEP 2005) clause (R4, tab 1 at 5), which included the following pertinent paragraphs:

> (d) Disputes. This contract is subject to the Contract Disputes Act of 1978, as amended.... Failure of the parties to this contract to reach agreement on any request for equitable adjustment, claim, appeal or action arising under or relating to this contract shall be a dispute to be resolved in accordance with the clause at FAR 52.233-1, Disputes, which is incorporated herein by reference....
>
> ....
>
> (l) Termination for the Government's convenience. The government reserves the right to terminate this contract, or any part hereof, for its sole convenience. In the event of such termination, the Contractor shall immediately stop all work hereunder.... Subject to the terms of this contact, the Contractor shall be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate to the satisfaction of the Government using its standard record keeping system, have resulted from the termination....

3. The FAR 52.233-1, DISPUTES (JUL 2002) clause referenced in the document provided, *inter alia*: "(d)(1) A claim by the Contractor shall be made in writing and, unless otherwise stated in this contract, submitted within 6 years after accrual of the claim to the Contracting Officer for a written decision."

4. Jalal's 18 February 2013 email to ACC-RI, "Subject: W91GFC_06_M_0169," stated: "I need your assistance, please ch[e]ck this contract too and let me know" and was signed by "The manager: Baha'a Lafta." The 19 February 2013 email to Jalal from ACC-RI's CO Joan F.S. Wysoske, Chief, Reachback Closeouts, said: "Sir, we do not have this contract in our inventory. I cannot help you." (R4, tab 3)

5. Jalal's 27 February 2013 email to Ms. Wysoske stated: "I have no other way to go through and ask any help only your side . please search for it . then please advise me what I can do in such issue ." (R4, tab 4, punctuation in original)

2

6. Jalal's 1 June 2013 email to Ms. Wysoske stated: "please recheck this contract , I still demand payment for 10 months . please assist me" (R4, tab 5, punctuation in original). Ms. Wysoske's 3 June 2013 email to Jalal replied:

> Sir, I am sorry, but I do not have this contract within my inventory. I have checked another system ["ACBIS" (R4, tab 4)] to see if I could find where is [sic] might be and discovered this contract number has not been recorded. This is a very old contract, written in 2006. It is unlikely that you can get paid for any work from this long ago. I am sorry, but I cannot do anything for you.

(R4, tab 6)

7. Jalal's 7 June 2013 email to Ms. Wysoske stated:

> I do confirm to you that this contract was issued buy [sic] the contracting office . I think that I have no guilty If it is not found in records . all I know it is the U.S.A army responsibility to keep files of contracts . so please take your time to search on it . I...thank you

(R4, tab 6, punctuation in original)

8. Ms. Wysoske's 10 June 2013 email to Jalal stated: "Sir, the time to claim your payment was several years ago. We keep contract for six years. I never had this contract in my possession and I cannot find who had it originally since it is so old." Jalal's 10 June 2013 email reply to Ms. Wysoske stated—

> [T]he contract hold points of contact you can call and make sure about it . if you mean it is old or new that means nothing for me . what I know , I need to get my payment . it was issued by the U.S.A army . certainly it is found on other system . please check again and tell me .

(R4, tab 7, punctuation in original) By email dated 28 July 2013, Taj Al Rajaa Company, through Baha'a Lafta, filed a notice of appeal referencing the subject contract and requested that this Board docket the appeal. On 29 July 2013, this Board docketed the appeal as ASBCA No. 58801.

9. Appellant's 21 September 2013 complaint stated:

> Appeal number /58801
> To / Armed Services Board of Contract Appeals
>
> Subject / Complaint
>
> Dear sir /ma'am , I have awarded [sic] a contract (W91GFC_06_M_0169) of lease Kia 2002 for 12 months . I have worked for a period then the contract was cancelled by the contracting officer . I claim for a compensation for the amount of the cancelled months of the contract . I have contacted Mis Joan F.S. Wysoske , she said that she has no the contract file . I demand from the board to find the contract file and compensate me about the cancelled period . I have a big hop that the board will assist me .
> Thank you
>
> _____
> Manager
> Bahaa Lafta Hassan[2]

10. The undated declaration of CO Joan F.S. Wysoske states:

> 1. I, Joan F. S. Wysoske, am the Contracting Officer for the Army Contracting Command – Rock Island.
>
> 2. On, 18 February 2013, the Taj Al Rajaa company contacted me regarding Contract No W91GFC-06-M-0169. I search[ed] our database and replied that we did not have the physical file and could not provide assistance.
>
> 3. On 19 February 2013, Taj Al Rajaa Company provided a copy of contract No W91GFC-06-M-0169 for the 12 month lease of a Kaia 14 passenger van in the amount of $30,192. It was not signed. I could not find reference to this contract in any government system. I could not find the line of accounting referenced on the contract in any government system.

---

[2] Mr. Baha'a Lafta Hassan's correspondence uses the title "Manager," but his 24 July 2013 email to the Board in ASBCA No. 58766 stated that he is appellant's owner.

4. On 03 Jun 2013, I replied to a newer email that I did not have the physical file and after searching various government systems, I could not confirm that this contract number was ever awarded or funded.

5. Between 18 February and 8 July 2013, the contractor submitted emails requesting to be paid under this contract. I consistently replied that I could not confirm that the contract ever existed or that the van to be leased was ever delivered against the contract.

6. To date, Appellant has failed to submit any proof of delivery or acceptance that substantiates its allegations to me. Further, to date, Appellant has failed to submit to me a valid claim that is in the form, or contains sufficient substantiating information, required by the Contracts disputes clause, Disputes (Nov 2004)....

7. I declare the foregoing is true and correct.[3]

(R4, tab 2)

11. Each of CO Wysoske's above-quoted emails stated: "To: 'comtractor Jalal comtractor Jalal' <alrajaacompany@yahoo.com>" (R4, tabs 3, 5-7).

12. Appellant's 9 November 2013 opposition to the government's motion to dismiss included a copy of the contract's Standard Form 1449 cover page bearing a different signature in Block 30 for "The contractor Jalal" and date "5-5-2006", and in Block 31 the signature of MAJ Houston E. Baker and the handwritten date "05 May 06" (app. opp'n at 3).

## DECISION

The government argues that none of appellant's 2013 emails to CO Wysoske constituted a CDA claim because none sought a sum certain. The government further argues that, assuming "*arguendo*, that appellant was awarded contract W91GFC-06-M-0169 on 5 May 2006, with a performance period from 8 May 2006 to 8 May 2007," its 1 June 2013 email "claim," which demanded payment for 10 months, accrued no earlier than 8 July

---

[3] 28 U.S.C. § 1746 requires that unsworn declarations state that the declaration is true and correct under penalty of perjury. This statement does not comply with the statute.

2006 or, at the latest, accrued when the contract expired on 8 May 2007. In either event, the claim was submitted later than six years after it accrued and, therefore, is barred by the CDA statute of limitations, 41 U.S.C. § 7103(a)(4)(A). (Gov't mot. at 3-8)

Appellant's opposition to the motion states:

> I would like to tell you that we have received 4 invoices for four months of this contract . So we still demand payment for 8 months , the amount ( $ 20.128.00 ) . I claim from the respectful board to get back me my payment for this contract . in the past I did not know about this board so we did not contact any side to request for compensation . Till these days I contacted Mrs Joan Wysoske and the Board. [Punctuation in original]

Appellant's opposition attached the copy of the Standard Form 1449 described in SOF ¶ 1 and the emails described in SOF ¶¶ 3, 6-7.

The CDA provides in pertinent part:

### § 7103. Decision by contracting officer

**(a) Claims generally.—**
**(1) Submission of contractor's claims to contracting officer.**—Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision.
**(2) Contractor's claims in writing.**—Each claim by a contractor against the Federal Government relating to a contract shall be in writing.
**(3) Contracting officer to decide federal government's claims.**—Each claim by the Federal Government against a contractor relating to a contract shall be the subject of a written decision by the contracting officer.
**(4) Time for submitting claims.—**
**(A) In general.**—Each claim by a contractor against the Federal Government relating to a contract and each claim by the Federal Government against a contractor relating to a contract shall be submitted within 6 years after the accrual of the claim.

From the foregoing facts and arguments, appellant's 1 June 2013 email demanded payment for 10 months of contract performance. Since the alleged contract specified the

monthly unit price of $2,516, by simple arithmetic the claim amounted to $25,160. *See PHI Applied Physical Sciences, Inc.*, ASBCA Nos. 56581, 58038, 13 BCA ¶ 35,308 at 173,334 ("Although the amount sought was not expressly totaled by appellant, a sum certain total is readily calculable by simple arithmetic.").

However, movant's alternative argument, that appellant's claim is barred by the CDA statute of limitations, is valid. *See Systems Development Corp. v. McHugh*, 658 F.3d 1341, 1345 (Fed. Cir. 2011) (contractor compliance with the 6 year statutory time limit on the presentment of a claim to a CO is a jurisdictional prerequisite for any appeal of the CO's decision (or lack of a decision) thereon). According to the complaint, the contract was cancelled prior to its expiration of 8 May 2007. Appellant seeks compensation for the cancelled months. Thus, the claim accrued prior to 8 May 2007, and was therefore time barred by the time of appellant's 1 June 2013 email.

Appellant's assertion –"in the past I did not know about this board so we did not contact any side to request for compensation. Till these days I contacted Mrs Joan Wysoske and the Board" (app. opp'n at 2) – is a meritless defense to the statute of limitations. In the absence of inducement or trickery, the CDA's 6 year time limit bars a claim. *See The Boeing Co.*, ASBCA No. 57490, 12-1 BCA ¶ 34,916 at 171,673. There is no evidence of trickery or inducement here.

## CONCLUSION

We grant the government's motion to dismiss for lack of CDA jurisdiction. The appeal is dismissed.

Dated: 5 February 2014

DAVID W. JAMES, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

7

I concur                                    I concur


MARK N. STEMPLER                            MARK A. MELNICK
Administrative Judge                        Administrative Judge
Acting Chairman                             Acting Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


      I certify that the foregoing is a true copy of the Order of Dismissal of the Armed Services Board of Contract Appeals in ASBCA No. 58801, Appeal of Taj Al Rajaa Company, rendered in conformance with the Board's Charter.

      Dated:


JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals